# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**MELANIE BAUGHMAN, et al**                                                              **Plaintiffs**

vs.                                                                          Civil Action No. 1:07CV239

**LEE COUNTY, MISSISSIPPI, et al**                                                      **Defendants**

## ORDER

Plaintiffs' motion for reconsideration of this court's order severing this action is denied. Plaintiffs' primary argument in seeking reconsideration relates not to this court's legal analysis regarding joinder, but rather is a lament regarding the financial viability of filing twenty-seven separate causes of action. This court may not ignore the requirements of the Federal Rules of Civil Procedure so that causes of action which are not individually viable might suddenly become sufficiently lucrative to justify the services of particular attorneys. The language of the plaintiffs' motion for reconsideration leads this court to suspect that this entire lawsuit was filed to intimidate both defendants and this court with the prospect of large and unwieldy litigation, in order to have this court shrink from applying the rules of joinder and to intimidate defendants into paying a quick settlement. Indeed, counsel for plaintiffs specifically cite instances in which they have been able to secure such settlements in similar actions, thus appearing to invite this court to wink at the improper nature of the joinder in this case. The fact that plaintiffs' counsel may have succeeded in obtaining recovery in prior lawsuits of this nature merely signifies to this court the importance of properly applying the rules of joinder in this case, even at the expense of burdening the court's docket.

1

Faced with the sudden prospect of litigating less lucrative lawsuits, counsel for plaintiffs now seek to be cut loose, to allow their twenty-seven clients to fend for themselves *in forma pauperis*. Specifically, counsel argue that:

> Should the Court not change its opinion, the undersigned attorneys will be placed in a position of having to withdraw for financial reasons. To proceed individually, at the expense of the undersigned attorneys, would be a financial burden to both of them.

Counsel overlook the fact that their withdrawal from this case can only come with the permission of this court. Counsel elected to file this lawsuit, and they must now accept the consequences of having done so. This court's order directing severance into separate actions and the payment of separate filing fees was entirely consistent with prior federal precedent, *see McFarland v. State Farm Fire & Cas. Co.*, 2006 WL 2577852 (S.D. Miss. 2006), and this case has, in fact, been severed into twenty-seven separate lawsuits. This severance was only accomplished with considerable effort on the part of the Clerk and his staff, and the filing fees in these cases remain obligations on the part of plaintiffs' counsel. If counsel should lack the funds to pay these filing fees, then they will simply remain as an indebtedness on their part.

It appears that, having created this situation, plaintiffs' counsel would leave this court to clean up the mess, along with finding some resolution of the plaints of their twenty-seven clients (who presumably lack any legal expertise). This would result in judicial chaos, and this court is strongly inclined to conclude that, if this litigation is to go forward at all, it will be under the direction of plaintiffs' counsel or some substitute counsel. The court readily agrees that the present litigation is unwieldy, and the court encourages all parties to make good faith efforts to

2

resolve it amicably.[1]  Any assistance of the Magistrate Judge in this regard would be welcome.

It appears that, at this juncture, the parties' efforts should be directed towards an orderly resolution of this litigation, given counsel's surprising representation that these claims are not viable individually.  The court remains of the view that these claims must proceed individually or not at all, and plaintiffs' motion to reconsider is therefore denied.

SO ORDERED, this the 27th day of May, 2008.

/s/ MICHAEL P. MILLS
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**

---

[1] The court's finding that these claims were improperly joined together does not necessarily mean that they lack all merit.  Accordingly, the court encourages defendants to consider whether a settlement of these claims is possible.